O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:11-cv-09384-ODW(AJWx) |
|---|---|
| Plaintiff, | **ORDER GRANTING THE UNITED STATES' MOTION TO STRIKE CLAIM AND ANSWER AND ENTER DEFAULT JUDGMENT [38] AND DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT [39]** |
| v. | |
| $61,000.00 IN U.S. CURRENCY, | |
| Defendant. | |
| PERRON SMITH, GARY SMITH, and RAYON SMITH, | |
| Claimants | |

On April 19, 2013, the United States moved to strike Claimant Perron Smith's claim to the Defendant currency, to strike all three Claimants' collective Answer, and to enter Judgment in its favor. (ECF No. 38.) The United States seeks this drastic remedy in response to Claimants' failure to comply with their discovery obligations, even in spite of multiple Court orders specifically ordering them to do so. (ECF No. 38.) Claimants failed to oppose the United States' motion, which the Court may construe as their consent to granting the United States' requests. Plaintiff has not timely opposed the Motion. L.R. 7-9; L.R. 7-12. Nevertheless, the Court has carefully considered the United States' requests, and for the reasons

/ / /

thoroughly discussed in their moving papers, the Court **GRANTS** the United States' motion.

On September 21, 2012—well in advance of the Court's case-management order—the United States served Claimants with several discovery requests, including interrogatories and document demands. (Mot. 5.) On October 2, 2012, the Court issued a scheduling and case-management Order setting the discovery cut-off date in this matter as April 22, 2013. (ECF No. 19.)

When Claimants failed to respond to the United States' September 21 discovery requests, Magistrate Judge Wistrich ordered Claimants to answer, without objection, each of the interrogatories and produce all documents the United States requested no later than November 21, 2012. (ECF No. 27.) While Claimants did comply with this order in part, they still objected to interrogatory number 6 regarding their prior arrests and failed to produce signed verifications to their interrogatory responses. This prompted the United States' second motion to compel, which Claimants failed to oppose. (ECF No. 28.) In granting that motion, Judge Wistrich ordered responses due by April 8, 2013, and specifically warned Claimants that he "may recommend to the district court that each of their claims and answers be stricken and a default judgment be entered forfeiting the defendant $61,000.00 in U.S. currency to the government should claimants . . . fail again to comply with any discovery order issued by the Court." (ECF No. 35.)

Despite this warning, Claimants have yet to comply with Judge Wistrich's May 27 Order. (Rodgers Decl. ¶ 6.) Claimants then also failed to appear at their duly noticed April 2013 depositions. (*Id.* ¶ 7.)

Federal Rules of Civil Procedure 37 permits this Court to strike Claimants' pleadings and render default judgment against them for failure to comply with their discovery obligations and appear for their depositions. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi); 37(d)(1)(A). In deciding whether Rule 37 dismissal is an appropriate sanction, the Court must consider "(1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (alteration omitted).

As in most cases, the first two factors facially favor the United States. Claimants' discovery abuses have also caused the United States prejudice: the United States offers that it did not intend to commence depositions until documents were secured from Claimants and third parties, and it believed it could timely prosecute its case absent a request for an extension of the discovery-cutoff date—even with Judge Wistrich's latest April 8 date for Claimants to comply with their discovery obligations. But with the discovery-cutoff date now come and gone, Claimants' inaction has severely prejudiced the United States' ability to work up its case.

While public policy generally favors a decision on the merits, less drastic measures here are unlikely to be effective. Claimants' failure to comply with their discovery violations, multiple Court orders, and the United States' deposition notice—not to mention their failure to oppose this very motion—hints that a lesser sanction would likely be met with continued disinterest.

Finally, the Court must find willfulness, bad faith, or fault on the part of the delinquent party before dismissal is warranted. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). This finding poses no obstacle to dismissal, as Claimants' failure to cooperate in discovery here could not possibly have been caused by circumstances beyond their control. By entering an appearance and contesting forfeiture in this action, Claimants were aware that they would be required to provide discovery to the government. Claimants' subsequent failure to answer discovery in violation of two Court orders, and their failure to attend their duly noticed depositions, constitutes willfulness, bad faith, and fault on their part.

The Court therefore **STRIKES** Perron Smith's claim and Perron Smith, Gary Smith, and Rayon Smith's collective Answer. All of Claimants' right, title, and

interest to the Defendant $61,000.00 in U.S. Currency is hereby condemned and forfeited to the United States of America and shall be disposed of in accordance with law.

In light of the Court's holding, the United States' pending motion for summary judgment (ECF No. 39) is hereby **DENIED AS MOOT**. A judgment will issue.

**IT IS SO ORDERED.**

May 3, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**